# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATSY S. BOYD, WHELDON J. BOYD, JR., WAYNE P. BOYD, and ELIZABETH LAGASSE | : C.A. No. _____ <br> : <br> : <br> : |
| Plaintiffs | : <br> : |
| v. <br> THE BOEING COMPANY, *et. al.* | : **NOTICE OF REMOVAL** <br> : **UNDER 28 U.S.C. § 1442(a)(1)** <br> : |
| Defendants | : |

PLEASE TAKE NOTICE that Defendant, The Boeing Company ("Boeing") hereby removes the above captioned action from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

## I.  BACKGROUND

1. On or about November 21, 2014, Plaintiffs Patsy S. Boyd, Wheldon J. Boyd, Jr., Wayne P. Boyd, and Elizabeth LaGasse filed their petition for damages ("Plaintiffs' Petition"), captioned *Patsy S. Boyd, Wheldon J. Boyd, Jr., Wayne P. Boyd, and Elizabeth LaGasse v. Boeing, Inc., et al.*, in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana ("State Court"), C.A. No. 61-824, Division A.[1]  *See* Plaintiffs' Petition (attached hereto as **Exhibit A**).  Boeing was served with Plaintiffs' Petition on December 8, 2014.  *See* Boeing Summons and Return (attached hereto as **Exhibit B**).

2. Plaintiffs' Petition alleges that their decedent, Wheldon J. Boyd, Sr. ("Mr. Boyd") developed mesothelioma as a result of asbestos exposure experienced while he

---

[1] In the case caption, Plaintiffs' Petition incorrectly identifies Boeing as "Boeing, Inc."  Throughout the remainder of Plaintiffs' Petition, however, Boeing is properly identified as "The Boeing Company."

1

maintained engines and drag chutes on F-100 aircraft as a civilian flight mechanic at "Belle Chasse Air Force Base." Ex. A at ¶¶ 4-5. As of the date of this filing, Plaintiffs have not submitted any additional documents or information in support of their allegations.

3. Because Plaintiffs' Petition identifies military aircraft, specifically the F-100, as an alleged source of Mr. Boyd's asbestos exposure, the entity that manufactured the F-100 has a basis for removal of the above-captioned action to this Honorable Court.

4. The F-100 was manufactured by North American Aviation for specific use as a fighter jet aircraft by the United States Military.

5. Boeing acquired North American Aviation in 1996.[2]

6. As a result of the allegations in Plaintiffs' Petition, Boeing has a colorable basis to assert federal officer removal jurisdiction under 28 U.S.C. § 1442(a)(1) and this case is removable to this Honorable Court.

7. The federal officer removal statute provides that a notice of removal must be filed within 30 days of a defendant's receipt of the initial pleading or, "[i]f the case stated by the initial pleading is not removable," within 30 days after that defendant's receipt of "an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. §§ 1442(a)(1), 1446(b)(3). As described above, Plaintiffs' Petition constitutes the "initial pleading" and Boeing has ascertained that it has a right to remove the above-captioned action from State Court to this Honorable Court.

---

[2] As a result of Boeing's acquisition of North American Aviation, all subsequent textual references to "Boeing" explicitly includes in its definition "as successor by merger to North American Aviation."

8. Boeing has filed the instant Notice of Removal within 30 days of service of Plaintiffs' Complaint. As such, Boeing has removed the action within the time prescribed by law for it to do so. 28 U.S.C. § 1446(b).

## II.  FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1442(a)(1)

9. Removal is proper under 28 U.S.C. 1442(a)(1) when the removing defendant alleges facts establishing that: (1) it is a person within the meaning of the statute; (2) it performed the complained of action at the direction of a federal officer and under color of federal office; (3) there is a causal nexus between the defendant's actions and the plaintiff's claims; and (4) the defendant asserts a "colorable federal defense." *Mesa v. California*, 489 U.S. 121, 124-25 (1989).

10. Boeing is a corporation, which qualifies as a "person" under 28 U.S.C. § 1442(a)(1). *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-81 (7th Cir. 2012); *Leite v. Crane Co.*, 749 F. 3d 1117, 1120 (9th Cir. 2014); *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014).

11. As stated above, Plaintiffs allege that Mr. Boyd was exposed to asbestos as a result of maintaining engines on F-100 aircraft that were housed at "Belle Chasse Air Force Base." Ex. A at ¶ 5.

12. Boeing manufactured the F-100 aircraft pursuant to military procurement contracts with the United States Government and in compliance with detailed design specifications that were issued and/or approved by the Government. To the extent that the design or manufacture of these aircraft included asbestos-containing parts or components, such inclusion was required by the Government in its approved detailed and precise specifications. Further, some components of the F-100, such as engines and their

component parts, may have been furnished by the government and the government required Boeing to install them on the aircraft. Any decision regarding asbestos in these aircraft or the component parts thereof was under the full control and discretion of the Government. *See, e.g., Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 149, 155-57 (D. Me. 2005); *see also Fung v. Abex Corp.*, 816 F. Supp. 569, 572-73 (N.D. Cal. 1992); *Leonard v. Board of Supervisors of Louisiana State Univ. and Agricultural and Mechanical Coll.*, 2014 WL 2203876 at *1 (M.D. La. May 27, 2014) (adopting Report and Recommendation of Riedlinger, M.J., 2014 WL 2197042 at *2-3 (M.D. La. Jan 17, 2014)); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 784 (E.D. Pa. 2010) (Robreno, J.). The Government likewise controlled the content of written materials and warnings associated with such aircraft. Boeing's design and manufacture of the F-100 aircraft under the control, direction, and supervision of the Government thus satisfies the "acting under" requirement. *See*, *e.g.*, *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d at 400 (holding that the Department of Defense's specifications and supervision over Agent Orange defoliant sufficed to demonstrate that the removing defendants acted pursuant to federal direction.). Indeed, Boeing could not change the design, component parts, or provide additional warnings of the F-100 without prior government authorization. Moreover, not only did Boeing's acquisition of Government approval for any design change require strict compliance with the Government's formal, detailed change process procedures, the Government retained absolute authority at all times to accept, reject, or modify any aspect of a military government contractor's requested change proposal.

13. There is a causal nexus between Boeing's alleged actions in manufacturing the F-100 aircraft and Mr. Boyd's alleged injury in that his mesothelioma was allegedly caused by the allegedly defective design of the F-100 aircraft and/or such injury was caused by Boeing's alleged failure to warn of the potential hazards of asbestos-containing components. *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1186 (7th Cir. 2012);; *Cuomo v. Crane Co.*, 771 F.3d 113, 117 (2d Cir. 2014) *Hammell v. Air & Liquid System Corp.*, 2014 WL 4259206, at *5 (D.N.J. Aug. 29, 2014); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 784 (E.D. Pa. 2010) (Robreno, J.).

14. Boeing asserts a colorable federal defense, namely the "government contractor" defense as stated in *Boyle v. United Technologies, Inc.*, 487 U.S. 500 (1988) and its progeny, including *Haas v. 3M Co.*, 2014 WL 3696043 at *7 (D.N.J. June 19, 2014) (granting summary judgment to Boeing on both product defect and failure to warn claims.); *Niemann v. McDonnell Douglas Corp.*, 721 F. Supp. 1019, 1025 (S.D. Ill. 1989); *Tate v. Boeing Helicopters*, 140 F.3d 654, 656 (6th Cir. 1998) (affirming grant of summary judgment on failure to warn claims); *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1158 (6th Cir. 1995) (affirming grant of summary judgment on design defect claims); *Getz v. Boeing Co.*, 690 F. Supp. 2d 982, 997-1000 (N.D. Cal. 2010) (granting summary judgment on both failure to warn and design defect claims). In *Boyle*, the Supreme Court held that state law cannot impose liability for alleged defects in military equipment when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the Government about the dangers in the use of the equipment that were known to the supplier but not to the United

States. *Boyle v. United Technologies, Inc.*, 487 U.S. at 512. While *Boyle* expressly dealt with design defect cases, federal courts at both the district and circuit level have concluded that the government contractor defense is equally available in cases alleging injury from a failure to warn. *Maguire v. Hughes Aircraft Corp.*, 912 F.2d 67 (3d Cir. 1990); *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 140 (2d Cir. 2008); *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347, 349-50 (4th Cir. 1998); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 401 (5th Cir. 1998); *Smith v. Xerox Corp.*, 866 F.2d 135 (5th Cir. 1989); *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1003 (7th Cir. 1996); *Leite v. Crane Co.*, 749 F.3d 1117, 1123-24 (9th Cir. 2014); *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d at 783-84; *Hammell v. Air & Liquid System Corp.*, 2014 WL 4259206 (D.N.J. Aug. 29, 2014) (holding that remand was inappropriate in a failure to warn case.); *Leonard v. Board of Supervisors of Louisiana State Univ. and Agricultural and Mechanical Coll.*, 2014 WL 2203876 at *1 (M.D. La. May 27, 2014) (adopting Report and Recommendation of Riedlinger, M.J., 2014 WL 2197042 at *2-3 (M.D. La. Jan 17, 2014); *Haas v. 3M Co.*, 2014 WL 3696043 (D.N.J. June 19, 2014) (granting summary judgment to Boeing on the basis of the government contractor defense applying equally in a failure to warn context.); See also, *Hicks v. Boeing*, 2014 WL 1051748 (D. Del. Mar. 17, 2014); *MacQueen v. Union Carbide Corp.*, 2013 WL 6571808 (D. Del. Dec. 13, 2013); *Russek v. Unisys Corp.*, 921 F. Supp. 1277, 1292 (D.N.J. 1996).

15. The government contractor defense is satisfied here because: (1) the design specifications, including all warnings, for the F-100 aircraft were issued and/or approved by the Government; (2) the F-100 aircraft did, in fact, conform to those specifications;

and (3) to the extent that asbestos was believed, at the time, to be a hazardous material, the government's knowledge of such hazards was superior to that of Boeing. *See Hicks v. Boeing*, 2014 WL 1051748 (D. Del. Mar. 17, 2014); *Fung v. Abex Corp.*, 816 F. Supp. 569, 573 (N.D. Cal. 1992).

16. In addition, Boeing is entitled to federal officer removal under 28 U.S.C. § 1442(a)(1) based upon the separate and additional federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940). *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here rendering Boeing immune from this suit because Boeing performed the at-issue acts expressly at the direction of federal government officers acting pursuant to federal government authorization. In other words, where, as here, the federal government would be immune from suit had it directly performed the at-issue acts, Boeing is immune for its performance of the same under the Government's direction and control.

### III.    INTRADISTRICT ASSIGNMENT

17. Because this Court is the United States District Court for the district and division embracing the place where the original State Court Complaint was filed, it is the appropriate court for removal under 28 U.S.C. § 1446(a).

### IV.    NOTICE TO STATE COURT

18. Boeing has provided notice to the State Court and other parties to the instant action of this Notice of Removal as required by 28 U.S.C. § 1446(d).

7

## V.     PROCEDURAL COMPLIANCE

19. Boeing will give notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1442(a)(1).

20. Because Boeing satisfies the requirements for removal under 28 U.S.C. § 1442(a)(1), it is entitled to remove this action without obtaining the consent of other defendants.

21. As required by 28 U.S.C. § 1446(b), true and correct copies of the process and pleadings served upon Boeing are being filed with this Notice of Removal.

22. A properly removed case cannot be remanded for discretionary or policy reasons, such as allegedly related State Court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c). *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). The federal officer removal statute, 28 U.S.C. § 1442(a)(1), is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation. *Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

23. Should Plaintiffs move to remand this case, Boeing respectfully requests an opportunity to respond more fully in writing, including submission of additional affidavits and authority.

24. Boeing reserves all of its defenses.

**WHEREFORE**, Boeing requests that this proceed in this Court as a properly removed action.

Respectfully submitted,

**MANION GAYNOR & MANNING, LLP**

*/s/ Glenn L.M. Swetman*_____
Glenn L. M. Swetman (LA Bar No. 21904)
Christopher O. Massenburg (LA Bar No. 26989)
Brandie M. Thibodeaux (LA Bar No. 29344)
365 Canal Street, Suite 3000
New Orleans, Louisiana 70130
Phone: (617) 670-8800
Facsimile: (617) 670-8801
mswetman@mgmlaw.com
cmassenburg@mgmlaw.com
bthibodeaux@mgmlaw.com

Jason A. Cincilla (DE ID No. 4232)
Amaryah K. Bocchino (DE ID No. 4879)
Bryan P. Smith (DE ID No. 5418)
1007 North Orange St., 10th Floor
Phone: (302) 657-2100
jcincilla@mgmlaw.com
abocchino@mgmlaw.com
bsmith@mgmlaw.com

*Attorneys for Defendant*
*The Boeing Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 7th day of January, 2015, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by United States First Class Mail, properly addressed and postage prepaid, pursuant to the rules and procedures of the United States District Court for the Eastern District of Louisiana.

*/s/ Glenn L. M. Swetman*_____
Glenn L. M. Swetman (LA Bar No. 21904)