25th JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES

STATE OF LOUISIANA

NO. 61-824                SECTION                DIVISION "    "
                                                          A

PATSY S. BOYD, WHELDON J. BOYD, JR., WAYNE P. BOYD,
ELIZABETH LAGASSE

VERSUS

BOEING, INC., ET AL

**FILED**

NOV 21 2014

/s/ BECKY H. KALISZESKI
DY. CLERK

FILED: _____     _____
                                         DEPUTY CLERK

## PETITION FOR DAMAGES

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES
STATE OF LOUISIANA, AND THE JUDGES THEREOF:

The heirs of decedent, **WHELDON J. BOYD, SR.,** respectfully represents:

1.

Petitioners, the heirs of Wheldon Boyd, Sr., are all adult residents in the State of
Louisiana.

2.

Made Defendants herein are the following, either foreign corporations licensed to do and
doing business in the State of Louisiana or domestic corporations licensed to do and doing
business in the State of Louisiana, or are individuals that are liable unto the Plaintiffs, for the
claims asserted herein:

## MANUFACTURERS/ SELLERS/
## SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS

1. The Boeing Company
2. United Technologies Corporation (f/k/a Pratt & Whitney)
3. Parker-Hanifin Corporation
4. Eaton Aeroquip, L.L.C.
5. IMO Industries, Inc. (f/k/a Adel Wiggins)
6. CFM International, Inc.
7. Chromalloy American, L.L.C.
8. Honeywell International, Inc. (f/k/a Bendix)
9. Taylor-Seidenbach, Inc.

3.

Plaquemines Parish is a proper venue pursuant to Louisiana Code of Civil Procedure
Article 74 because the wrongful conduct occurred in Belle Chasse, Louisiana.

1

**EXHIBIT A**

4.

This action is within the jurisdiction of the court because Taylor Seidenbach is a Louisiana defendant and Plaquemines Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 74 because each of the defendants listed above contributed to Plaintiff's exposure to asbestos and subsequent contraction of mesothelioma in Plaquemines Parish.

5.

Decedent WHELDON BOYD was exposed to asbestos beginning in the early 1950s through the 1979 while working on jet airplanes at the Belle Chasse Air Force Base. Mr. Boyd was a civilian flight mechanic who performed all maintenance work on the F-100s and F-102s that were housed in Belle Chase. The jets were manufactured by McDonald Douglas and/or Convair whom are now part of Boeing, Inc. Mr. Boyd performed engine work on the Pratt & Whitney engines (now United Technologies) which involved working with asbestos containing gaskets, fire sleeve/tubing, gloves, clamps and insulation. Mr. Boyd routinely maintained drag chutes which were lined with asbestos.

Further, Taylor Seidenbach was one of the exclusive distributers and installers of corrugated roofing and siding as well as insulation. The corrugated roofing and siding was asbestos containing. The hangar at the Belle Chasse air field was made of asbestos containing corrugated siding and the pipes were all insulated with asbestos. Taylor Seidenbach provided the corrugated siding and the insulation. Mr. Boyd worked the hangar and was exposed to above background concentrations of friable asbestos from the insulation and the corrugated siding due to deterioration and maintenance.

6.

Before and during Wheldon Boyd's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities listed in Paragraph 5, where Petitioner was exposed to asbestos-containing products, equipment, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

7.

When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, lung cancer, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, mesothelioma and various other injuries.

8.

Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using.  Instead of warning Petitioner and the general public about these dangers, the defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.  Those defendants who have engaged in intentional misconduct, fraud or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence or strict liability, identifies other forms of specified misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

9.

As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 5, Petitioner Wheldon Boyd contracted malignant mesothelioma an incurable and terminal cancer caused from asbestos exposure.

10.

Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, Petitioners have only recently discovered Mr. Boyds injuries were caused by asbestos. Mr. Boyd was diagnosed with mesothelioma on December 3, 2013 and died on March 30, 2014. All of which was not more than one year preceding the filing of this Petition for Damages.

11.

Plaintiffs disclaims any cause of action or recovery for any injuries caused by any

3

exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

## STRICT LIABILITY AND NEGLIGENCE OF ASBESTOS MANUFACTURERS/ SELLERS/SUPPLIERS/DISTRIBUTORS/CONTRACTORS

12.

The Defendants were all manufacturers, sellers, users, distributors contractors, and/or suppliers of asbestos products and were engaged in the business of using, manufacturing or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos-containing products, which were expected to and did reach, including but not limited to, each of the facilities listed in Paragraph 5, from which Wheldon Boyd was exposed.

13.

The products mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to Wheldon Boyd who was an intended and foreseeable user and bystander who was exposed to these products. These defects include, without limitation, the following:

a.   the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

b.   the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to the Plaintiff who would be foreseeably exposed to them in as a result of their intended use;

c.   lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

d.   lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

e.   failure of defendants to inspect these products to assure sufficiency and adequacy

4

of warnings and safety cautions;

f.      failure to test or adequately test these products for defects or hazards they could

        present to the intended or foreseeable users;

g.      failure to truthfully report or adequately report the results of product testing and

        medical studies associated with foreseeable hazards of these products by intended

        or foreseeable users;

h.      failure to properly design these products when the nature of the product did not

        require use of asbestos mineral or where alternate, equally suitable substances

        were readily available;

i.      defects in the composition and construction of these products;

j.      failure to recall these products mined, manufactured, sold, distributed and/or

        supplied;

k.      failure to properly package these products so that they could be safely transported,

        handled, stored or disposed of;

l.      overwarranting the safety of these products that were manufactured, sold,

        supplied and/or used by Defendants; and

m.      liability to Petitioner in strict liability for things in their garde, possession,

        custody or control, pursuant to article 2317 of the Louisiana Code of Civil

        Procedure that have caused harm to Petitioner.

14.

The defective conditions of defendants' products and fault, as noted above, are a
proximate cause of Petitioner's injuries complained of herein.

15.

Petitioner also alleges that each and every one of the foregoing defendants were also
negligent in engaging in the substandard conduct enumerated above and that this negligence was
also a proximate cause of Petitioner's injuries.

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1
through 15, Petitioners request that defendants be served with this petition and that there be
judgment against these defendants jointly, severally and in solido in a sum sufficient to

5

compensate Petitioner for the following:

   a.   all past, medical costs or expenses related thereto;

   b.   all past, present and future lost earnings;

   c.   all past, present and future mental suffering, anguish, pain and suffering;

   d.   all past, present and future physical pain and suffering;

   e.   loss of quality of life;

   f.   Past, present, and future disability; and

   g.   All wrongful death damages provided for by Louisiana law including, loss of support, loss of society, loss of consortium, mental anguish and anything else provided by law.

   **WHEREFORE** Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against the defendants as prayed for.

Respectfully submitted,

**LANDRY & SWARR, L.L.C.**

_____
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
PHILIP C. HOFFMAN, Bar No. 32277
AMANDA J. BALLAY, Bar No. 28630
MATTHEW C. CLARK, Bar No. 31102
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone:  (504) 299-1214
Facsimile:  (504) 299-1215

**COUNSEL FOR PLAINTIFFS**

A TRUE COPY
Dy. Clerk of Court
Parish of Plaquemines

6

**PLEASE SERVE THE FOLLOWING DEFENDANTS WITH PETITIONERS'
ORIGINAL PETITION FOR DAMAGES:**

1.  THE BOEING COMPANY
    A non-Louisiana business corporation (Delaware) registered to do business in Louisiana,
    which may be served through its registered agent for service of process:
    Corporation Service Company
    320 Somerulos Street
    Baton Rouge, Louisiana 70802-6129.

2.  UNITED TECHNOLOGIES CORPORATION (Formerly Pratt & Whitney)
    A non-Louisiana business corporation (Delaware) registered to do business in Louisiana,
    which may be served through its registered agent for service of process:
    Secretary of State, Connecticut
    30 Trinity Street
    Hartford, Connecticut 06106

3.  PARKER-HANNIFIN CORPORATION (as successor-by-merger to Stratoflex, Inc.,
    f/k/a Aeroquip Sales & Engineering, Inc.), a foreign corporation domiciled in Cleveland,
    Ohio, and which may be served through its agent for service of process:
    C. T. Corporation System
    5615 Corporate Boulevard, Suite 400B
    Baton Rouge, LA 70808.

4.  EATON AEROQUIP, L.L.C. (individually and as successor-in-interest to Aeroquip
    Corporation); is a foreign corporation domiciled in Cleveland, Ohio, and which may be
    served through its agent for service:
    C.T. Corporation System
    1300 East Ninth Street
    Cleveland, Ohio 44114.

5.  IMO INDUSTRIES INC. (f/k/a Adel Wiggins)
    A non-Louisiana business corporation (Delaware) registered to do business in Louisiana,
    which may be served through its registered agent for service of process:
    C. T. Corporation System
    5615 Corporate Boulevard, Suite 400B
    Baton Rouge, LA 70808.

6.  CFM INTERNATIONAL, INC.
    A non-Louisiana business corporation (Delaware) registered to do business in Louisiana,
    which may be served through its registered agent for service of process:
    C.T. Corporation System
    1300 East Ninth Street
    Cleveland, Ohio 44114.

7.  CHROMALLOY AMERICAN, LLC
    A non-Louisiana business corporation (Delaware) registered to do business in Louisiana,
    which may be served through its registered agent for service of process:
    C.T. Corporation System
    1200 South Pine Island Road
    Plantation, Florida 33324

8.  HONEYWELL INTERNATIONAL, INC. (f/k/a Bendix)
    A non-Louisiana business corporation (Delaware) registered to do business in Louisiana,
    which may be served through its registered agent for service of process:
    Corporation Service Company
    320 Somerulos Street
    Baton Rouge, Louisiana 70802-6129.

9.    TAYLOR-SEIDENBACH, INC.
      A corporation duly organized, created and existing under and by virtue of the laws of the
      state of Louisiana, with its principal place of business in New Orleans, Louisiana
      Through its registered agent:
      Robert I. Shepard
      731 South Scott Street
      New Orleans, Louisiana 70119