## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATSY S. BOYD, WHELDON J. BOYD, JR., WAYNE P. BOYD, ELIZABETH LAGASSE** | * * * * | **CIVIL ACTION NO. 15-25** |
| | * | **JUDGE JAY C. ZAINEY** |
| **VERSUS** | * * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **KAREN WELLS ROBY** |
| **BOEING, INC., ET AL** | * * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND AFFIRMATIVE DEFENSES OF CFM INTERNATIONAL TO PLAINTIFFS' PETITION FOR DAMAGES

NOW INTO COURT, comes CFM International who responds to Plaintiffs' Petition for Damages (hereinafter "Petition") as follows:

1.

The allegations contained in Paragraph 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of the Petition are denied.

3.

The allegations contained in Paragraph 3 of the Petition call for a legal conclusion and, therefore, do not require a response. However, should answer be required, the allegations are denied.

1

4.

The allegations contained in Paragraph 4 of the Petition call for a legal conclusion and, therefore, do not require a response. However, should answer be required, the allegations are denied.

5.

The allegations contained in Paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Petition are denied.

7.

The allegations contained in Paragraph 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraphs 8 through 10 of the Petition are denied.

9.

The allegations contained in Paragraph 11 of the Petition do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraphs 12 through 15 of the Petition are denied.

11.

Any and all allegations contained in the preamble Paragraph, the "WHEREFORE" Paragraph or in any other Paragraph that has not been addressed above found in the Plaintiffs' Petition for Damages, including any subparts, are denied.

**AND NOW**, further responding, CFM International avers:

12.

Decedent's injuries, if any, were caused by substances other than asbestos.

13.

The "state-of-the-art" defense is applicable to each and every allegation for the reason that the alleged hazards were neither known nor reasonably discoverable on the basis of the research and scientific information then available; and CFM International acted reasonably, prudent and at all times in compliance with all applicable state and federal regulations and industry custom and practice.

14.

As a result of the provisions of certain statutes including 11 U.S.C. Section 362 (a), plaintiffs are prohibited from proceeding against certain parties liable for the damages and injuries complained of and defendant reserves its rights to so proceed in the future and/or to establish the liability of those parties at trial.

15.

In the event CFM International is found liable, which liability is specifically denied, it is entitled to a set-off, reduction or credit for a *pro rata* virile share and/or percentage of fault of each of the entities and individuals whose negligence and/or strict liability are shown to have

cause or contributed to Plaintiffs' damages regardless of whether those entities are parties to this action or are bankrupt.

16.

Decedent's injuries and damages, if any, did not occur as a result of exposure to insulation or asbestos fibers, but rather were proximately caused by other factors, including, but not limited to, a history of voluntarily smoking cigarettes which other factors are affirmatively pleaded and are legally and factually imputable to Plaintiffs to serve as a bar and/or reduction of any and all recovery by Plaintiffs.

17.

Decedent having been warned or otherwise made aware of the alleged hazards of the materials to which they claim exposure are now estopped and/or barred from any recovery for the alleged injuries complained of.

18.

Decedent's injuries, if any, resulted from the voluntary and knowing submission by Plaintiffs' Decedent to hazards associated with work and/or exposure to materials alleged to be causative of the injuries and, therefore, the doctrine of assumption of the risk is applicable.

19.

Decedent's injuries, if any, were caused by the sole fault and/or strict liability of persons/entities other than defendant or for whom defendant is not responsible and such fault and/or strict liability bars, or in the alternative, reduces any recovery to which Plaintiffs might otherwise be entitled from CFM International.

20.

Plaintiffs and Decedent have failed to take reasonable steps to mitigate their damages.

21.

There is no liability on the part of CFM International because the alleged incidents and injuries were brought about or caused by transitory conditions arising in the course of the work in which the Decedent and/or Decedent's family members were engaged or ordinarily incident thereto, using his and/or his employer's own manner, method and means of doing work.

22.

CFM International pleads that Plaintiffs' damages must be reduced by the contributory and/or comparative negligence of Plaintiffs' Decedent in the following non-elusive particulars:

A. Failing to wear available and proper protective gear, apparel, and/or other equipment to protect against the ingestion, inhalation and/or absorption of the allegedly harmful substances;

B. Failing to properly care for and/or maintain the above-mentioned protective equipment;

C. Failing to follow instructions, directions and warnings by his employers/supervisors and on the equipment and products in question;

D. Using materials and/or chemicals in his work without the authorization to do so;

E. Failing to avoid known obvious dangers and dangers about which he was aware;

F. Failing generally to exercise due care under the circumstances;

G. Failing to comply with the duty of care of persons and positions similar to his; and

H. Any and all other negligent and/or wrongful acts or omissions which may be discovered or proven at the trial of this matter.

23.

CFM International denies that it is liable *in solido* with any other party and denies that it is liable for the fault of any party named or unnamed.

24.

CFM International avers that any theories of strict liability which have been legislatively overruled and should not apply to Plaintiffs' claims, and further, that such theories should not be retroactively applied for years prior to judicial recognition of such theories.

25.

An award of punitive damages against CFM International is proscribed under Louisiana law. An award of punitive damages is unconstitutional and in violation of the due process and the equal protection clauses of the 14th Amendment of the Constitution of the United States and would violate the excess fines clause of the 8th Amendment of the Constitution of the United States. Also, Plaintiffs' claims for punitive damages are barred by the "Double Jeopardy" Clause of the 5th Amendment of the United States Constitution, as applied to the states through the 14th Amendment.

26.

CFM International avers that Decedent's employers and/or premise owners were sophisticated purchasers/users of the equipment and products at issue, that his employers knew or should have known of the precautions to be taken in providing a safe place to work, and that the employers' and/or premise owners' negligence or fault in failing to provide a safe place to work was the sole and proximate cause of the injuries, if any.

27.

CFM International further pleads that all liability has been extinguished, discharged or released by the Plaintiffs' and Decedent's settlements with and/or release of other Defendants as well as Plaintiffs' failure to reserve their rights against other solidary obligors which has discharged the debt as to the remaining solidary obligors, including this defendant.

28.

To the extent that Plaintiffs' allege exposure to equipment/products manufactured by Defendant for a government contract, the government had a contractual right to specify how the contract would be complied with, the government exercised that right and Defendant complied with those specifications; and therefore specifically asserts the "government contractor defense."

WHEREFORE, CFM International prays that after due proceedings judgment be rendered in its favor and against Plaintiffs dismissing their claims with prejudice, at their cost and for all other general and equitable relief.

Respectfully submitted:

FRILOT L.L.C.

*/s/ Peter R. Tafaro*
JOHN J. HAINKEL, III - 18246
ANGELA M. BOWLIN – 20714
JAMES H. BROWN, JR. – 3564
PETER R. TAFARO – 28776
MEREDITH K. KEENAN - 29287
KELSEY A. EAGAN – 35764
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-3600
T: (504) 599-8000; F: (504) 599-8100
**Counsel for CFM International**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Peter R. Tafaro*