# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATSY S. BOYD,** *et al.* | * | CIVIL ACTION |
| | * | |
| | * | NO: 2:15-CV-00025 |
| VS. | * | |
| | * | JUDGE: JAY C. ZAINEY |
| **THE BOEING COMPANY,** *et. al.* | * | |
| | * | MAG. JUDGE: KAREN WELLS ROBY |
| **Defendants** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### <u>DEFENDANT THE BOEING COMPANY'S ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES</u>

COMES NOW Defendant The Boeing Company, Individually and as Successor-In-Interest to the McDonnell Douglas Corporation ("Answering Defendant" or "Boeing"), by and through its undersigned counsel, and responds to the numbered paragraphs of Plaintiffs' First Supplemental and Amending Complaint by incorporating and adopting all previously pled answers and affirmative defenses as if copied herein, *in extenso*. Boeing further denies the allegations contained in this First Supplemental and Amending Complaint and specifically provides as follows:

1.     This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      This Answering Defendant admits that it is a foreign corporation authorized to do and doing business in the State of Louisiana. The remaining allegations in this paragraph are not directed to this Answering Defendant and, therefore, no response is required. To the extent that any response is required, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

3. This paragraph is admitted.

4-5. These paragraphs are denied as to this Answering Defendant.

6. Denied as to this Answering Defendant.

7. The allegations contained in this paragraph are denied as written.

8-9. Insofar as the allegations contained in these paragraphs attempt to place liability upon this Defendant, either directly or indirectly, the allegations are denied. The allegations contained in these paragraphs, with respect to the decedent's diagnosis and the date of said diagnosis, as well as the date of decedent's death, are denied for lack of sufficient information to justify a belief therein.

10. This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11-14. These paragraphs, including any sub-parts therein, are denied as to this Answering Defendant.

15. The allegations contained in the paragraph following Paragraph 14, beginning with the phrase "WHEREFORE, on the basis . . . .", are denied as to this Answering Defendant. Furthermore, Boeing denies that Plaintiffs are entitled to judgment against it, individually, jointly, and severally and/or in solido in any amount whatsoever. Boeing further denies that Plaintiffs are entitled to any relief as against Boeing.

16. The allegations contained within any unnumbered or mis-numbered paragraphs of the Petition, as well as any Paragraphs, headings, or allegations not specifically answered or admitted, are denied as to this Answering Defendant.

17. The allegations contained within the preamble paragraph and the prayer for relief of the Petition are denied as to this Answering Defendant.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Petition, in whole or in part, fails to state a claim upon which relief can be granted against this answering Defendant in violation of Federal Rule of Civil Procedure 8(a) and, therefore, must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Petition, in whole or in part, is barred by the applicable statute of limitations, repose, prescription and/or laches.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Petition, in whole or in part, is barred by the applicable principles of waiver and estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims, in whole or in part, are barred by the applicable exclusive workers' compensation laws and related state laws. Accordingly, this Court lacks subject matter jurisdiction over the action.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that any of Plaintiffs' claims asserted in the instant action were litigated and resolved in any prior action, those claims are barred in the instant action by reason of the primary right, *res judicata*, and collateral estoppel doctrines, which prohibit splitting a single cause of action into successive suits, in which Plaintiffs seek additional recovery for injuries for which Plaintiffs were previously compensated by alleged joint tortfeasors.

**SIXTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the conduct and/or activities alleged in Plaintiffs' Petition, which are attributable to this answering Defendant, if any, all conformed to statutes, governmental regulations, and industry standards, based upon the state of knowledge existing at the time alleged in the Petition.

**SEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that there was never any privity of contract between it, its employees, or agents on the one hand and Plaintiffs on the other, and that this lack of privity bars any cause of action by Plaintiffs in warranty that requires privity as an essential element.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' Petition fails to specifically plead special damages as required by Fed. R. Civ. P. 9(g) and, therefore, all of Plaintiffs' claims for such special damages must be stricken and/or dismissed.

**NINTH AFFIRMATIVE DEFENSE**

This answering Defendant's first notice of the claims set forth in Plaintiffs' Petition was service of said Petition upon it, and accordingly, this answering Defendant reserves the right to amend this Answer and/or add additional affirmative defenses and/or counterclaims, if it becomes appropriate, after full investigation and discovery.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Petition fails to plead with specificity any facts, actions, or conduct on the part of this answering Defendant which could constitute negligence, fraud, misrepresentation, or conspiracy as required by Fed. R. Civ. P 9(b) and, therefore, all claims or damages rooted in

theories of negligence, fraud, misrepresentation, or conspiracy must be stricken and/or dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

This answering Defendant owed no duty to Plaintiffs. Even assuming, *arguendo*, this answering Defendant did owe a duty to Plaintiffs, this answering Defendant at all times acted reasonably and with due care toward Plaintiffs and, as a result, did not violate any such duty or duties.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the claims and allegations pled in the Petition.

## THIRTEENTH AFFIRMATIVE DEFENSE

This answering Defendant did not and could not reasonably foresee the risks of the alleged damages and/or injuries pled in Plaintiffs' Petition.

## FOURTEENTH AFFIRMATIVE DEFENSE

This answering Defendant made no misrepresentations to Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

There is an insufficiency of service of process upon the person of this answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Venue is improper in this action. This answering Defendant reserves its rights to move for dismissal or transfer of the action based on improper or inconvenient venue and further reserves its rights to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have improperly joined or misjoined this answering Defendant or other Defendants in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Petition, in whole or in part, is barred on the grounds that Plaintiffs failed to join indispensable parties and, as a result, the Petition is defective.

## NINETEENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that Decedent and/or his employers had, at all relevant times, superior knowledge of the dangers and hazards, if any, associated with the use of or exposure to asbestos products, such that the Decedent and/or his employers are/were sophisticated users, as that term is defined by applicable law, and, accordingly, this answering Defendant had no duty to warn Decedent and/or his employers of any dangers and hazards.

## TWENTIETH AFFIRMATIVE DEFENSE

The answer Defendant alleges that, if it is determined that Decedent was exposed to any product associated with this answering Defendant, and if, *arguendo*, it is determined that these products were defective or dangerous, then, at all times, Decedent knew or had reason to know of the hazardous nature of the products and any consequences that accompanied the use or contact with such products. Additionally, Decedent voluntarily exposed himself and continued to expose himself to these products and, therefore, assumed all risks associated with or related to such use or exposure.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Decedent acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of this answering Defendant, thus barring Plaintiffs from relief prayed for in their Petition.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

This answering Defendant denies that Plaintiffs incurred any injuries or damages. However, as to any injuries or damages Plaintiffs are alleged to have incurred, Decedent failed to exercise ordinary care for his own safety, and such failure on his part proximately caused any injuries or damages alleged in Plaintiffs' Petition. Plaintiffs' recovery from this answering Defendant, if any, must be reduced by Decedent's comparative fault.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Decedent and/or third parties unrelated to this answering Defendant installed, removed, abused, or misused any materials or products associated with this answering Defendant and allegedly provided to or used by Decedent and such conduct caused or contributed to the damages alleged in Plaintiffs' Petition.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the injuries, illnesses, losses, or damages alleged in Plaintiffs' Petition, if any, were proximately caused or contributed to by Decedent's unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitive reactions for which this answering Defendant is not liable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the injuries, illnesses, losses, or damages alleged in Plaintiffs' Petition, if any, were directly and proximately caused by or contributed to by the

tortious acts or omissions of third parties over whom this answering Defendant neither had any control nor had any duty to control.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

This answering Defendant is not liable to Plaintiffs with respect to the injuries alleged in the Plaintiffs' Petition because such injuries, if any, were caused by pure accident in terms of law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that the injuries, illnesses, losses, or damages alleged in Plaintiffs' Petition, if any, were aggravated by Plaintiffs' failure to use reasonable diligence to mitigate the same.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This answering Defendant was under no legal duty to warn Decedent of the potential hazards associated with the use of any products containing asbestos. This answering Defendant further alleges that the general contractor, the subcontractor(s), Decedent's employers, Decedent's union(s), Decedent as a self-employed individual, or certain third parties yet to be identified, were knowledgeable and sophisticated users who were in a better position than this answering Defendant to warn Decedent of the risks associated with using products containing asbestos. Decedent, his employers, and his union(s), knew or should have known of federal OSHA, state OSHA, or other applicable legal and regulatory standards relating to asbestos as well as the precautions necessary to employ when working around asbestos or any products that might contain asbestos. Assuming, *arguendo*, that a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of the damages alleged in Plaintiffs' Petition, if any.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that no conduct by or attributable to it was the cause in fact or the proximate cause of the damages, if any, alleged in Plaintiffs' Petition.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' Petition, in whole or in part, fails to state a cause of action because, even if, *arguendo*, Decedent came into contact with any materials or products associated with this answering Defendant, which this answering Defendant expressly denies, such contact was not a substantial factor in causing any of the injuries and/or damages, if any, alleged in Plaintiffs' Petition.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the injuries, illnesses, losses, or damages alleged in Plaintiffs' Petition and for which Plaintiffs seek recovery, if any, were the result of causes independent of the purported acts or omissions of this answering Defendant, which operated as intervening and superseding causes of such injuries, illnesses, losses, or damages and, thus, eliminated any liability on the part of this answering Defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

This answering Defendant alleges that any and all products or materials manufactured, sold, distributed, and/or supplied by this answering Defendant, if any, conformed to the then-existing state of-the-art. This answering Defendant asserts that the state of medical and scientific knowledge and all materials relating thereto at all times material herein were such that this answering Defendant neither knew nor could have reasonably known that asbestos-containing products presented a significant risk of harm to Decedent if properly used for their proper purpose.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

This answering Defendant alleges that the injuries, illnesses, losses, or damages alleged in Plaintiffs' Petition, if any, were caused by or the result of an unforeseen, intervening or superseding cause for which this answering Defendant is not liable.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that even if, *arguendo*, it is determined that Decedent was exposed to any product or material associated with this answering Defendant, which this answering Defendant expressly denies, then such exposure was *de minimus* and is insufficient to establish a reasonable degree of probability causation of the injuries, illnesses, losses, or damages alleged in Plaintiffs' Petition.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that, to the extent that the Plaintiffs have received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries or claims against this answering Defendant or other alleged joint tortfeasors in the instant action, Plaintiffs' Petition, in whole or in part, is barred by the defenses of payment and accord and satisfaction.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that if Plaintiffs have heretofore or should hereafter settle for any of the alleged injuries and damages with any party or parties, then this answering Defendant is entitled to a credit in the amount of said settlements.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that it is entitled to set-off for any amounts paid or to be paid by other entities including, but not limited to, bankruptcy trusts and other Defendants resulting from settlements made with Plaintiffs.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that, as a result of the allegations in Plaintiffs' Petition, Plaintiffs have received and will continue to receive workers' compensation benefits from Plaintiff's employers or their insurance carriers, or both, in an amount not yet ascertained and determined; the total amount of these payments is not yet known to this answering Defendant, which shall seek leave of this honorable Court to amend this Answer when such amount is determined; by virtue of the applicable state's law, Decedent's employers and their insurance carriers are subrogated to the rights of Plaintiffs for any and all monies Plaintiffs may have received from Decedent's employers and their insurance carriers up to the amount paid to Plaintiffs; Plaintiffs' damages arose as a direct and proximate result of the negligence and carelessness of Decedent's employers, and, as a result, his employers and their insurance carriers are not entitled to reimbursement for monies paid or to be paid to Plaintiffs; and, in the event of the entry of any judgment in favor of Plaintiffs and against this answering Defendant, such judgment should be reduced by the amount paid or the amount to be paid to Plaintiffs by Decedent's employers or their insurance carriers.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

This answering Defendant is not liable under any theory of liability for asbestos-containing products manufactured, designed and/or supplied by others that were used with this answering Defendant's products, after those products left this answering Defendant's control.

**FORTIETH AFFIRMATIVE DEFENSE**

Any alleged liability of this answering Defendant has been extinguished, discharged or released by Plaintiffs' settlement with, and/or release of any solidary obligor.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

This answering Defendant hereby adopts and incorporates by reference any and all affirmative defenses pled and deemed successful by any other Defendant or party to the instant action, except where such defenses implicate this answering Defendant.

**CROSS-CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION**

This answering Defendant denies that it is liable to Plaintiffs in any respect.  If this answering Defendant is held liable to Plaintiffs on any ground, then this answering Defendant cross-claims against each and every co-defendant, based on the grounds that the conduct of one or several of these co-defendants was the primary cause of the damages alleged in the instant action and, as a result, this answering Defendant is only secondarily liable for said damages. This answering Defendant further alleges that it is entitled to indemnification from each and every co-defendant named in the instant action. If this answering Defendant is held liable for any of the claims alleged in Plaintiffs' Petition, then the alleged wrongful acts of the co-defendants are contributing causes of the damages sustained as a result of those wrongful acts of the co-defendants and this answering Defendant is entitled to contribution in the amount that is required to pay as a result of the co-defendants' wrongful acts.

**ANSWER TO ALL PAST, PRESENT AND FUTURE CROSS-CLAIMS**

This answering Defendant denies the allegations of any cross-claims which have been filed or could be filed in the future by any co-defendant or other related party and respectfully requests that such cross-claims be dismissed with prejudice.

**WHEREFORE,** this answering Defendant respectfully requests that this honorable Court enter judgment in its favor and against Plaintiffs on the basis of any and all of the defenses set out herein, or on its cross-claims, if appropriate, with all costs and its attorneys' fees taxed to Plaintiffs.

>Respectfully submitted,
>
>**MANION GAYNOR & MANNING LLP**
>
>*/s/ Glenn L. M. Swetman*_____
>Glenn L. M. Swetman (LA Bar No. 21904)
>Christopher O. Massenburg (LA Bar No. 26989)
>Brandie M. Thibodeaux (LA Bar No. 29344)
>Kevin R. Sloan (LSBA No. 34093)
>365 Canal Street, Suite 3000
>New Orleans, Louisiana 70130
>Phone: (504) 535-2880
>Facsimile: (504) 535-2886
>mswetman@mgmlaw.com
>cmassenburg@mgmlaw.com
>bthibodeaux@mgmlaw.com
>ksloan@mgmlaw.com
>
>*Attorneys for Defendant,*
>*The Boeing Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of December, 2015, a copy of the foregoing Answer to Plaintiffs' First Supplemental and Amending Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

>*/s/ Glenn L. M. Swetman*_____
>Glenn L. M. Swetman (LA Bar No. 21904)