UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PATSY S. BOYD ET AL.**                                                    **CIVIL ACTION**

**VERSUS**                                                                          **No. 15-25**

**BOEING COMPANY ET AL.**                                              **SECTION I**

ORDER AND REASONS

Before the Court are two motions[1] filed by defendants, Lockheed Martin Corporation ("Lockheed") and General Dynamics Corporation ("General Dynamics").[2] The first motion asks the Court to rescind its order[3] permitting plaintiffs to amend their complaint two months after the Court-mandated September 14, 2015 pleading amendment deadline.[4] The Court granted plaintiffs permission to amend their complaint in order to add Lockheed and General Dynamics as defendants.

The second and corresponding motion requests that Lockheed and General Dynamics be stricken from plaintiffs' amended complaint and dismissed from this lawsuit.[5] Both motions advance substantially the same argument: that the Court erroneously permitted plaintiffs to amend their complaint without demonstrating "good cause" for the need to modify the scheduling order. Plaintiffs oppose[6] the motions. For the following reasons, both motions are denied.

---

[1] R. Doc. Nos. 102, 103.
[2] The Court granted General Dynamics' motions to join Lockheed's motions. *See* R. Doc. No. 110.
[3] R. Doc. No. 59.
[4] *See* R. Doc. No. 102-1.
[5] *See* R. Doc. No. 103-1.
[6] R. Doc. No. 111.

## BACKGROUND

Decedent, Wheldon Boyd ("Boyd"), was a career aircraft mechanic at Belle Chasse Air Force Base. He was diagnosed with alleged asbestos-related mesothelioma in December 2013 and passed away in March 2014. Eight months later, in November 2014, plaintiffs—Boyd's heirs—sued nine defendants in state court, alleging that they were responsible for Boyd's illness and death.[7] The nine defendants are manufacturers, sellers, suppliers, distributors, and contractors who allegedly caused Boyd to come into contact with asbestos containing products.

Defendant, Boeing Company, removed[8] plaintiffs' lawsuit to federal court in January 2015. The case was initially assigned[9] to Judge Jay Zainey. Following a scheduling conference on July 30, 2015, Judge Zainey issued a scheduling order[10] which set a September 14, 2015 deadline for amending pleadings. Plaintiffs did not move to amend their complaint before that date.

In November 2015, plaintiffs filed an unopposed motion to continue the trial date on the ground that "[d]uring discovery of this case, it has become clear that additional parties are necessary."[11] Plaintiffs explained that because Boyd had died before being interviewed or deposed, plaintiffs' counsel had "been piecing together Mr. Boyd's work history through interviews with Mr. Boyd's co-workers."[12] In the course of those interviews, plaintiffs' counsel learned of additional aircrafts allegedly worked on by Boyd. Plaintiffs requested the continuance in order to add the manufacturers of those aircrafts as defendants and to permit the new defendants to participate in establishing a new scheduling order and trial date.[13]

---

[7] R. Doc. No. 1-1.
[8] R. Doc. No. 1.
[9] R. Doc. No. 2.
[10] R. Doc. No. 39.
[11] R. Doc. No. 53, at 1.
[12] R. Doc. No. 53, at 1.
[13] R. Doc. No. 53, at 2.

Judge Zainey held a status conference to discuss the motion on November 19, 2015.[14] The Court's minute entry[15] following the conference states that the Court and the parties discussed plaintiffs' requests to add two additional parties and for a continuance. Because six months remained before the trial date, the Court declined to grant a continuance.[16] The Court did, however, give plaintiffs permission to amend their complaint to add Lockheed and General Dynamics as defendants. Plaintiffs did so the following day, on November 20, 2016.[17]

The case was reassigned[18] to this section on December 11, 2015, and Lockheed and General Dynamics filed their motions for reconsideration and to strike the amended complaint on January 19, 2016.[19] In February 2016, this Court ordered that the trial of this matter be continued approximately six months to November 2016.[20]

**LAW AND ANALYSIS**

I. **Standard for reconsideration**

Orders granting or denying motions to add new parties are interlocutory orders. *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that any interlocutory order that does not fully resolve all claims, such as this Court's November 19, 2015 minute entry, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The general practice of courts in this district has been to evaluate motions to reconsider interlocutory

---

[14] *See* R. Doc. No. 55.
[15] R. Doc. No. 59.
[16] R. Doc. No. 59.
[17] R. Doc. No. 60.
[18] R. Doc. No. 69.
[19] R. Doc. Nos. 102, 103.
[20] R. Doc. No. 119. The precise trial date will be set via a scheduling conference with this Court's case manager on March 2, 2016. R. Doc. No. 120.

orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.); *accord Bernard v. Grefer*, No. 14–887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.).[21]

A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

> A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law.

*Jupiter v. BellSouth Telecomms., Inc.*, No. 99–0628, 1999 WL 796218, at *1 (E.D. La Oct. 5, 1999) (Vance, J.). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

---

[21] "Although there may be circumstances in which a different standard would be appropriate," *Castrillo*, 2010 WL 1424398, at *4 (citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003)), the parties have not argued that any other standard should apply, and the Court finds that there are no circumstances in this matter that warrant a deviation from this general practice.

4

Furthermore, "when a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision." *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 788, 794–95 (1981)).  When a successor judge replaces another judge, however, "[t]he successor judge has the same discretion as the first judge to reconsider [the first judge's] order." *Abshire v. Seacoast Products, Inc.*, 668 F.2d 832, 837–38 (5th Cir. 1982). "This flexibility . . . accommodates the reality that the predecessor judge could always have reconsidered before judgment." *Hill v. City of Pontotoc, Miss.*, 993 F.2d 422, 425 (5th Cir. 1993).

## II. Standard for modification of a scheduling order

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, the Fifth Circuit has explicitly held that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003).  Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed.1990)).  A trial court has broad discretion to preserve the integrity and purpose of its pretrial orders "which, toward the end of court efficiency, is to expedite pretrial procedure." *S & W Enters.*, 315 F.3d at 535.

The U.S. Fifth Circuit Court of Appeals has applied a four-factor balancing test in certain contexts to determine whether good cause exists to modify a scheduling order by weighing (1) the

5

explanation for the failure to adhere to the deadline at issue;[22] (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See Geiserman v. MacDonald*, 893 F.2d 787, 790–92 (5th Cir. 1990) (untimely designation of expert witnesses); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997) (untimely submission of expert reports); *S & W Enters.*, 315 F.3d at 536 (untimely amendment of pleadings).

## III. Analysis

Lockheed and General Dynamics argue that plaintiffs "have not, and cannot, demonstrate good cause for ignoring the Court's pleading amendment deadline."[23] They argue that "Judge Zainey issued the amendment Order without considering or applying Rule 16 and its strict 'diligence' standard."[24] As support for their assertion that plaintiffs cannot show good cause for failing to comply with the first scheduling order, defendants cite this section's decision in *Curol v. Energy Res. Tech., Inc.*, No. 03-3126, 2004 WL 2609963, at *1 (E.D. La. Nov. 16, 2004) (Africk, J.).

In *Curol*, this Court reconsidered and then rescinded its order permitting the plaintiff to amend his complaint after the deadline where the plaintiff "made no showing that, prior to the expiration of the deadline, he was diligent in seeking discovery and that, despite such diligence, the amendment deadline could not reasonably have been met." *Id.* at *4. The Court had originally permitted the plaintiff to amend his complaint over six months after the original deadline in order that plaintiff could add as a defendant the manufacturer of a valve that plaintiff claimed was

---

[22] If the party seeking to modify the scheduling order was not diligent, however, the inquiry should end. *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (cited favorably in *S&W Enterprises, L.L.C.*, 315 F.3d at 535).
[23] R. Doc. No. 102-1, at 5.
[24] R. Doc. No. 118, at 2.

6

defective. *Id.* at *1.  Upon reconsideration, in response to the plaintiff's argument that the added manufacturer was a "key and critical defendant," this Court reasoned that "the claimed importance of adding [the manufacturer] as a defendant only underscores the need for plaintiff to have timely conducted discovery and to have timely moved to amend the complaint and bring [the manufacturer] into this action." *Id.* at *5.

Defendants characterize *Curol* as "a strikingly similar scenario" to that presently before the Court.[25]  But this characterization is hardly accurate.  First, plaintiffs in this case sought to amend their complaint only two months after the deadline; they did not wait six months as did the plaintiff in *Curol*.  Second, an important factor in this Court's *Curol* decision was the fact that plaintiff's original complaint, which had been filed ten months prior to his attempted amendment, *actually identified the manufacturer of the valve*. *Id.* at *3.  Thus this Court found "unpersuasive and unbelievable" the plaintiff's claim that he had been unaware of the manufacturer's identity prior to filing his motion to amend. *Id.* at *3.  Third, and perhaps most critically, the nature of the present litigation is far different from that of *Curol*.  The *Curol* case was a personal injury lawsuit arising out of a single unfortunate occurrence; this is a case in which plaintiffs allege asbestos exposure spanning a period of approximately thirty years.[26]  There are unique difficulties associated with discovery in latent disease cases.  In the face of those difficulties, and given that this Court has no reason to doubt plaintiffs' counsel's representations to the Court in their motion to continue, this Court cannot say that Judge Zainey committed a "manifest error[] of law" when he granted plaintiffs permission to amend their complaint.  *See Waltman*, 875 F.2d at 473.

---

[25] R. Doc. No. 118, at 3.
[26] R. Doc. No. 1-1, at 2.

7

While defendants complain that the Court did not explicitly address Rule 16(b)—the rule governing scheduling order modifications—before granting plaintiffs leave to amend their complaint, that fact alone does not necessarily indicate that Judge Zainey did not determine that plaintiffs had shown good cause before rendering his decision. To the contrary, the Court's November 19, 2015 minute entry indicates that the Court and the parties actually discussed plaintiffs' desire to amend their complaint to add two additional parties during the status conference.[27] Furthermore, plaintiffs' motion to continue attempted to justify their tardiness in locating Lockheed and General Dynamics, explaining that those manufacturers were only identified during the course of "recent interviews with co-workers," which were plaintiffs' primary method of discovering new parties considering that Boyd himself had died "prior to being interviewed and deposed."[28]

In their opposition to defendants' motion, plaintiffs further explain that, "[a]s was discussed at length before Judge Zainey, . . . [t]he individuals providing information are elderly and have to test their memory from nearly five decades ago. Not surprisingly, information has been difficult to obtain."[29] Given that information, it is clear to this Court that Judge Zainey would have considered whether plaintiffs' untimely request was justified before granting it.

Defendants finally argue that, if this Court does not overturn its previous order, defendants "would be prejudiced substantially by potentially being divested of a meritorious statute of limitations defense."[30] They assert, without any meaningful substantive discussion, that "[n]o trial

---

[27] R. Doc. No. 59.
[28] *See* R. Doc. No. 53, at 1.
[29] R. Doc. No. 111, at 4.
[30] R. Doc. No. 102-1, at 6.

8

continuance will cure the prejudice of being belatedly bundled into pending litigation."[31]  But this Court is unpersuaded by defendants' blanket allegation.

## CONCLUSION

The Court is not persuaded that Judge Zainey's order itself or this Court's refusal to overturn Judge Zainey's order substantially prejudices Lockheed and General Dynamics.  The Court further finds that the factors identified by the Fifth Circuit in *S & W* Enterprises, 315 F.3d at 536, overall support Judge Zainey's decision to modify the scheduling order.  Accordingly, the Court concludes that Judge Zainey's order did not constitute a "manifest error[] of law," and so it declines to overturn it.  *Waltman*, 875 F.2d at 473.  For that reason,

**IT IS ORDERED** that defendants' motions for reconsideration and to strike plaintiffs' first amended complaint are **DENIED**.

New Orleans, Louisiana, February 26, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[31] Defendants explain that, "[i]f sued separately, [Lockheed and General Dynamics] could avail [themselves] of Louisiana's one-year statute of limitations for wrongful death and survival claims. La. Civ. Code arts. 2315.1, 2315.2."  R. Doc. No. 102-1, at 6.